IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC D. FEIN, P.C. & ASSOCIATES | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-0012-K |
| DINLI METAL INDUSTRIAL CO., LTD., ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Roger Chang, who is appearing *pro se*, was ordered to attend a Rule 16 scheduling conference on May 18, 2007 and a show cause hearing on June 1, 2007. Because Chang failed to appear at either hearing as required, his pleadings should be stricken and an interlocutory default judgment entered against him.

I.

On January 3, 2007, Eric D. Fein, P.C. & Associates, a Dallas law firm, sued its former clients, Dinli Metal Industrial Company, Ltd., Tai Yang Lu, and Roger Chang, to collect more than $75,000 in legal fees. Chang was served with process and filed a *pro se* answer on January 30, 2007. Thereafter, the court ordered plaintiff and Chang to attend a Rule 16 scheduling conference on May 18, 2007 at 9:00 a.m.[1] The order provides that "[a]ny attorney or unrepresented defendant who fails to attend this conference will be subject to sanctions, including without limitation an order striking

---

[1] Chang is the only defendant who has been served to date. The other defendants, Dinli Metal Industrial Company, Ltd. and Tai Yang Lu, are Taiwanese citizens not located within any judicial district of the United States. By separate motion filed today, plaintiff has asked the court to request assistance from the appropriate judicial authority in Taiwan to obtain service on the foreign defendants. *See* Fed. R. Civ. P. 4(f)(2)(B).

out pleadings or parts thereof and rendering a judgment by default." *See* Order, 5/4/07, *citing* Fed. R. Civ. P. 16(f) & 37(b)(2)(C). Chang was duly notified of the scheduling conference, but failed to appear. This prompted the court to schedule a show cause hearing for June 1, 2007 at 9:00 a.m. Chang was directed to appear at this hearing, "then and there to show cause why he should not be sanctioned for failing to attend the Rule 16 scheduling conference on May 18, 2007. Once again, Chang was warned that "[s]uch sanctions may include an order striking defendant's answer and rendering a judgment by default." Order, 5/18/07, *citing* Fed. R. Civ. P. 16(f) & 37(b)(2)(C). A copy of this show cause order was mailed to Chang at his address by the clerk and opposing counsel. However, Chang failed to appear at the show cause hearing and has not communicated with the court regarding his absence.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f). Among the sanctions contemplated by this rule are "[a]n order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(C). The entry of a default judgment is an extreme sanction and should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992), *quoting Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). The court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of

justice." *First Houston*, 979 F.2d at 382, *quoting McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988).

The record in this case documents a clear history of delay and contumacious conduct. Chang was ordered to appear at a Rule 16 scheduling conference on May 18, 2007 and a show cause hearing on June 1, 2007. Both times he was warned that the failure to appear may result in the imposition of sanctions, including "an order striking out pleadings or parts thereof and rendering a judgment by default." *See* Orders, 5/4/07 & 5/18/07. Chang did not attend the scheduling conference or the show cause hearing and has not communicated with the court regarding his absence. Such conduct justifies the imposition of extreme sanctions. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause hearing); *Gonzales v. HT&T Architects, Inc.*, No. 3-98-CV-0190-BD, 1998 WL 574381 at *2 (N.D. Tex. Aug. 31, 1998) (Kaplan, J.) (default judgment entered against defendant for failure to obtain counsel or appear at conference).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. No sanction short of a default judgment would enable this case to proceed against Chang.

## RECOMMENDATION

Defendant Roger Chang failed to appear at two court hearings without justification or excuse. As a result, sanctions should be imposed under Fed. R. Civ. P. 16(f). Chang's pleadings should be stricken and an interlocutory default judgment entered against him on the issue of liability. Plaintiff

should be required to submit evidence to the court on the issue of damages and move for the entry of a final default judgment against Chang within 10 days after these findings are adopted by the district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 1, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE